UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNY L. WILLIAMS, JR.,
     Plaintiff,

vs.                         Case No.: 3:22cv16791/TKW/ZCB

C. NEELY,
     Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff claims that Defendant Neely acted with deliberate indifference to his medical needs in violation of the Eighth Amendment. (Doc. 25). Defendant has moved to dismiss, arguing that Plaintiff's second amended complaint fails to state a claim upon which relief can be granted. (Doc. 50). Plaintiff has responded in opposition to the motion. (Doc. 53). For the reasons below, the motion to dismiss should be denied.

1

## I.   Background[1]

Plaintiff was an inmate at Santa Rosa Correctional Institution when the events underlying his § 1983 claim occurred. (Doc. 25). On September 6, 2018, Plaintiff submitted a sick call request seeking medical treatment for injuries to his face and head. Those injuries including swelling to his eyes, a knot on the back of his head, concerns of fractured bones on the side of his face, and concerns of a concussion. (*Id.* at 5-6, 8).[2] Plaintiff was seen by Defendant Nurse Neely in the medical triage room. (*Id.*). Nurse Neely asked Plaintiff the nature of his medical issue. (*Id.*). Plaintiff said, "It's obvious for the most part, look at my face!" (*Id.* at 5). Nurse Neely responded with foul language and "threw [Plaintiff] out" of the triage room without medical attention. (*Id.* at 5-6). Plaintiff submitted additional sick call requests over a two-month period, but was not seen by medical staff. (*Id.* at 6-8). Plaintiff reviewed his

---

[1] The following information is derived from the allegations found in Plaintiff's second amended complaint, which are treated as true for purposes of resolving Defendant's motion to dismiss. *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010).
[2] The Court refers to the page numbers automatically assigned by the Court's electronic filing system.

medical file and discovered that Nurse Neely had falsely notated that Plaintiff refused medical treatment. (*Id.* at 7).

Plaintiff asserts an Eighth Amendment claim of medical deliberate indifference against Defendant Neely. (*Id*. at 10). Plaintiff seeks $50,000.00 for "pain and suffering and mental anguish." (*Id.*).

## II.   Discussion

### A.   Motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a complaint's allegations are taken as true and construed in the light most favorable to the plaintiff. *Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of

entitlement to relief." *Id.* (internal quotation marks omitted). A complaint does not need detailed allegations to survive a motion to dismiss, but it does need "more than unadorned, the-defendant-unlawfully-harmed-me" accusations. *Id.*

Although they remain subject to the Federal Rules of Civil Procedure, pleadings filed by *pro se* litigants are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Similarly, a *pro se* complaint "must be held to less stringent standards than [a] formal pleading[] drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reversing a district court decision that dismissed a *pro se* prisoner's deliberate indifference claims against prison medical personnel).

## B.   Eighth Amendment deliberate indifference standard

The Eighth Amendment forbids the "inflict[ion]" of "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has held that it is "cruel and unusual punishment" for prison officials to act with "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). That means prison officials are obligated to provide prisoners with "minimally adequate medical care." *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991).

Minimally adequate medical care is not "perfect, the best obtainable, or even very good." *Id.* at 1510 (cleaned up). The deliberate indifference standard is met only if medical care is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* at 1505-06 (cleaned up).

To prevail on a deliberate indifference claim, a plaintiff must first show an "objectively serious medical need." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (cleaned up). A medical need is objectively serious if it "has been diagnosed by a physician as mandating treatment" or one that obviously warrants a physician's attention and "poses a substantial risk of serious harm" if left unattended. *Id.* (cleaned up). Second, a plaintiff must prove that prison officials (1) had "subjective knowledge of a risk of serious harm," (2) "they disregarded that risk," and (3) did so in a manner that "was more than mere negligence." *Id.* (cleaned up). Deliberate indifference can include delays in treatment, "though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

To prevail on a § 1983 claim for medical deliberate indifference, a prisoner must show causation between that indifference and his injury. *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016).

**C.    Plaintiff has stated a plausible deliberate indifference claim against Defendant**

Defendant's motion to dismiss argues that Plaintiff's second amended complaint should be dismissed for failure to state a claim. (Doc. 50). According to the motion, Plaintiff has not alleged that he had a serious medical need when he presented to her in sick call. (*Id.* at 6). Defendant additionally argues that Plaintiff has not alleged that her conduct caused him any injury. (*Id.* at 5-6).

Accepting Plaintiff's allegations as true and liberally construing his second amended complaint, Plaintiff has sufficiently alleged a serious medical need as required for a deliberate indifference claim. Plaintiff's sick call request, which initiated the visit with Defendant, described injuries to his face and head and expressed concerns about facial fractures and a concussion. Add to that, Plaintiff's comment to Defendant, "It's obvious . . . look at my face!", in response to her asking what his medical issue was. These facts permit a reasonable inference that Plaintiff's injuries were "so obvious that even a lay person would

easily recognize the necessity for a doctor's attention." *Andujar v. Rodriguez*, 486 F.3d 1199, 1203 (11th Cir. 2007) (cleaned up); *see, e.g.*, *Bush v. Dickerson*, No. 16-6140, 2017 WL 3122012, at \*3 (6th Cir. May 3, 2017) (holding that a plaintiff's swollen eye and several cuts to his face due to an assault constituted injuries that "a layman would clearly know required prompt medical attention"). For this reason, Defendant is not entitled to dismissal.

Defendant's causation argument does not fare any better. Defendant argues that the second amended complaint fails to allege he suffered any actual injury or harm and instead vaguely alleges he is seeking damages for "pain and suffering and mental anguish." Defendant argues this is insufficient to adequately plead a causal connection between her conduct and any actual injury to Plaintiff. (*Id.* at 5-6).[3]

---

[3] Defendant acknowledges that in earlier iterations of Plaintiff's complaint, he alleged that her conduct caused seven weeks of physical pain and mental suffering. (Doc. 50 at 5). Defendant argues that allegations in a prior pleading are deemed abandoned if they are not asserted in the amended pleading. (*Id.* at 5-6). That is correct, but allegations in a prior pleading may be considered in determining whether permitting further amendment to correct the pleading deficiency would be futile. Here, it does not appear that amendment would be futile, so

Defendant's argument is unpersuasive. The Court liberally construes Plaintiff's request for "pain and suffering" damages as alleging he suffered physical pain as a result of not receiving medical attention for the injuries to his face and head for nearly two months. This allegation is sufficient to satisfy the causation requirement at the motion to dismiss stage. *See, e.g., Balbin v. Concepcion*, No. 18-CIV-20875, 2018 WL 11408758, at *9 (S.D. Fla. July 10, 2018) (finding that allegations of pain and discomfort due to a delay in treatment were sufficient to plausibly allege causation for purposes of deliberate indifference claim).

## III. Conclusion

At this stage, Plaintiff's allegations (when liberally construed and accepted as true) are sufficient to state a plausible Eighth Amendment claim. This case should be permitted to proceed to the summary judgment stage, where the Court may consider the viability of Plaintiff's claims on a more fully developed record.

Accordingly, it is respectfully **RECOMMENDED** that Defendant's amended motion to dismiss (Doc. 50) be **DENIED**.

---

the Court could (and would) provide Plaintiff an opportunity to amend. He likely would correct the pleading deficiency; and the only significant effect of that process would be delay of the progress of this case.

At Pensacola, Florida this day of 5th day of December 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

9